# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 18cv1979 DMS (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO HOLD PROCEEDINGS IN ABEYANCE** |

This case comes before the Court on Defendants' motion to bifurcate proceedings or alternatively to hold this case in abeyance pending the proceedings in *Ms. L. v. U.S. Immigration and Customs Enforcement*, 18cv0428 DMS (MDD). Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons set out below, the Court grants Defendants' motion to hold this case in abeyance.

This case was filed on June 26, 2018, in the United States District Court for the Western District of Washington. Plaintiffs are seventeen States (Washington, Massachusetts, California, Maryland, Oregon, New Mexico, Pennsylvania, New Jersey, Iowa, Illinois, Minnesota, Rhode Island, Virginia, New York, Vermont, North Carolina and Delaware) and the District of Columbia. They bring this case "to protect the States and their residents against the Trump Administration's practice of refusing entry to asylum

applicants who present at Southwestern border ports of entry and its cruel and unusual policy of forcibly separating families who enter the country along our Southwestern border." (Compl. ¶ 1.) When this Complaint was filed, the *Ms. L.* case was pending before this Court. That case was filed on February 26, 2018, and by June 26, 2018, this Court had already ruled on a motion to dismiss in that case, and had pending before it a motion for class certification and motion for preliminary injunction.[1]

In response to the Complaint in this case, Defendants filed a motion to dismiss, or alternatively, transfer venue to this Court, or alternatively, hold the case in abeyance. On August 8, 2018, the Washington court granted Defendants' motion to transfer and transferred the case to this Court, where it was assigned to the undersigned judge. In that Order, the court noted the primary objective of this case "is to reunite families as expeditiously as possible." (ECF No. 88 at 4.) In ordering transfer, the court recognized "that the States have raised several claims that are distinct from those in *Ms. L.*, and that transferring this case will cause some inconvenience to the States," but found "there is substantial overlap between the States' claims and those being litigated in *Ms. L.*[.]" (*Id.*) For that reason, and to avoid detracting from the Government's efforts "to locat[e] and reunit[e] parents and children who have been separated and potentially harmed by" the family separation policy, the court ordered transfer of the case pursuant to 28 U.S.C. § 1404(a). (*Id.*)[2]

Since the case was transferred to this Court, Defendants have filed six requests for extensions of time to respond to the Complaint, all of which have been granted over Plaintiffs' at least partial objections. Defendants now move to bifurcate the case between

---

[1] This Court issued its orders on those motions later in the day on June 26, 2018, after the Complaint in this case was filed.

[2] The Court notes that by the time this case was transferred, several other cases had also been transferred to this Court. *See E.S.R.B. v. Sessions*, Case No. 18cv1699-DMS (MDD); *R.G.H. v. Sessions*, 18cv1769 DMS (MDD); *M.M.M. v. Sessions*, Case No. 18cv1832 DMS (MDD).

certain justiciability issues and the merits. Specifically, Defendants request the opportunity to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) on the issues of standing and Plaintiffs' claim under the APA. Plaintiffs oppose that request on the ground that these threshold issues overlap with the merits of Plaintiffs' claims. They argue that to the extent Defendants wish to file a motion to dismiss, that motion should raise all issues generally raised at the motion to dismiss stage, not just the two issues identified above. As an alternative to bifurcation, Defendants request that the Court stay this case in its entirety pending adjudication of the merits of the *Ms. L.* case. Plaintiffs oppose that request as well, arguing that the claims and parties in this case are different from the claims and parties in *Ms. L.*, that Plaintiffs would be prejudiced by a stay, and that there would be no hardship to Defendants in proceeding with this case. Although Defendants' primary request is for bifurcation, the Court finds a stay of this case is more appropriate, as explained below.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations omitted).

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, Plaintiffs argue they will be prejudiced if the case is stayed. Specifically, Plaintiffs assert that resolution of their equal protection claim will be delayed if the case is stayed. Plaintiffs are correct that, unlike *Ms. L.*, this case does raise an equal protection claim. However, the inclusion of that claim, and the potential delay in its resolution, does not warrant a finding of prejudice to Plaintiffs when the relief sought in both cases is essentially the same. As in *Ms. L.*, Plaintiffs here are seeking injunctive and declaratory

relief concerning Defendants' family separation policies, and that relief is being addressed through the *Ms. L.* litigation.  Indeed, the primary relief sought in this case, namely an injunction preventing Defendants from enforcing the family separation policy and ordering Defendants to reunify of parents and children that were separated pursuant to the policy, has already been granted by the preliminary injunction in *Ms. L.*.  That this case presents an additional legal theory in support of the same relief does not warrant a finding of prejudice to Plaintiffs here.

In contrast, allowing this case to proceed could complicate the adjudication of issues that are common to this case and *Ms. L.*.  As stated by Judge Pechman in her transfer order, "[t]he primary import of [this] case is to reunite families as expeditiously as possible[,]" and "there is substantial overlap between the States' claims [in this case] and those being litigated in *Ms. L.*[.]"  (ECF 88 at 4.)  Aside from the equal protection claim, both cases allege claims under the Due Process Clause, the Administrative Procedures Act and the asylum laws.  And as mentioned, both cases seek the same relief related to Defendants' family separation policies.[3]  Allowing this case to proceed, either with preliminary motions or on the merits, could affect the parties' positions in *Ms. L.* and the progress of that litigation.  Rather than risk derailment of those issues, on which the parties and the Court have spent considerable time and effort and are continuing to do so, the more "orderly course of justice" weighs in favor of a stay in this case.  It is also consistent with the other cases that were transferred to this Court as a result of their relation to *Ms. L.*, which are

---

[3] Arguably, Plaintiffs here are seeking additional forms of relief related to Defendants' "refus[al] to accept applications for asylum at a valid port of entry," (Compl. at 119; *see also id.* ¶ 61), and Defendants' alleged placement of children in unlicensed facilities.  (*Id.* at 120.)  However, those issues are also being litigated elsewhere.  *See Al Otro Lado, Inc. v. Nielsen*, Case No. 17cv2366 BAS (KSC) (challenging Defendants' "metering" process at the Southern border); *Flores v. Sessions*, Case No. CV 84-4544-DMG (AGRx), United States District Court for the Central District of California (addressing requirement that unaccompanied minors be placed in state-licensed facilities).

either in a holding pattern pending the proceedings in *Ms. L.*, *see R.G.H.*, or proceeding on the same track as *Ms. L.*. *See M.M.M.*[4]

For these reasons, the Court grants Defendants' motion to hold this case in abeyance pending the proceedings in *Ms. L.*. The Court invites Plaintiffs to move for or otherwise coordinate the reopening of this case in conjunction with the substantial completion of the parties' identification of the newly added class members in *Ms. L.*. In the meantime, counsel for Plaintiffs in this case are welcome to participate in the continued status conferences in *Ms. L.*, and should inform the Court if they wish to do so.

**IT IS SO ORDERED**.

Dated: May 20, 2019

Hon. Dana M. Sabraw
United States District Judge

---

[4] The *E.S.R.B.* case was dismissed on January 31, 2019.